No. 22-3030

# In the United States Court of Appeals for the Third Circuit

LOGIC TECHNOLOGY DEVELOPMENT, LLC,

*Petitioner,*

v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION,

*Respondent.*

On Petition for Review of an Order by the U.S. Food and Drug
Administration

**Brief of Campaign for Tobacco-Free Kids as Amicus Curiae
Opposing Petitioner's Motion to Seal**

William B. Schultz
Margaret M. Dotzel
Andrew N. Goldfarb
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
Tel: (202) 778-1800
Fax: (202) 822-8106
wschultz@zuckerman.com
mdotzel@zuckerman.com
agoldfarb@zuckerman.com

*Attorneys for Amicus*

*Of Counsel*:
Dennis A. Henigan
Connor Fuchs
CAMPAIGN FOR TOBACCO-
FREE KIDS
1400 Eye Street, NW, Suite 1200
Washington, DC 20005
Tel: (202) 296-5469
Fax: (202) 296-5427
dhenigan@tobaccofreekids.org
cfuchs@tobaccofreekids.org

## CORPORATE DISCLOSURE STATEMENT AND STATEMENT OF FINANCIAL INTEREST

Pursuant to Fed. R. App. P. 26.1(a) and Third Circuit LAR 26.1, *amicus curiae*, Campaign for Tobacco-Free Kids, make the following disclosure:

1) For non-governmental corporate parties please list all parent corporations:

   **None/not applicable.**

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

   **None/not applicable.**

3) If there is a publicly held corporation which is not a party to the proceeding before this Court, but which has a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

   **None/not applicable.**

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and 3) any entity not named in the caption which is an active participant in the bankruptcy proceeding. If the debtor or

trustee is not participating in the appeal this information must be provided by appellant.

**None/not applicable.**

Dated: November 14, 2022

*/s/ William B. Schultz*
William B. Schultz
Attorney for *Amici Curiae*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT AND STATEMENT OF
FINANCIAL INTEREST ............................................................................... i

TABLE OF AUTHORITIES ............................................................... iv

GLOSSARY ...................................................................................... vii

STATEMENT OF INTEREST OF *AMICUS CURIAE* ............................................1

INTRODUCTION ........................................................................................2

BACKGROUND ..........................................................................................4

ARGUMENT ..............................................................................................6

CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Am. Academy of Pediatrics v. FDA*,
  399 F. Supp. 3d 479 (D. MD 2019), *appeal dismissed sub nom*,
  *In re Cigar Assoc. of America*, 812 Fed. Appx. 128 (4th Cir. 2020) ...............1, 2

*Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*,
  800 F.2d. 339 (3d Cir. 1986) ...............................................................................6, 7

*In re Cendant Corp.*,
  260 F.3d 183 (3d Cir. 2001) .......................................................................... 6, 7, 12

*In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*,
  924 F.3d 662 (3d Cir. 2019) ...............................................................................6, 12

*Judicial Watch, Inc. v. FDA*,
  449 F.3d 141 (D.C. Cir. 2006) ..............................................................................11

*Liquid Labs LLC v. FDA*,
  -- F.4th --, 2022 WL 15090594 (3d Cir. Oct. 27, 2022) ......................... 10, 12, 13

*Littlejohn v. Bic Corp.*,
  851 F.2d 673 (3d Cir. 1981) ....................................................................................6

*Mylan, Inc. v. Smithkline Beecham Corp.*,
  723 F.3d 413 (3d Cir. 2013) ..................................................................................11

*Nixon v. Warner Communications*,
  435 U.S. 589 (1978) ...............................................................................................11

*Prohibition Juice Co. v. FDA*,
  45 F.4th 8 (D.C. Cir. 2022) ................................................................................ 13

*Publicker Industries, Inc. v. Cohen*,
  733 F.2d 1059 (3d Cir. 1984) ..................................................................... 6, 12, 13

*Republic of Philippines v. Westinghouse Elec. Corp.*,
  949 F.2d 653 (3d Cir. 1991) ...............................................................................6, 11

*Richmond Newspapers, Inc. v. Virginia*,
  448 U.S. 555 (1980) .................................................................................................6

*United States v. Criden*,
   648 F.2d 814 (3d Cir. 1981) ................................................................7

*United States v. Criden*,
   681 F.2d 919 (3d Cir. 1982) ................................................................7

## OTHER AUTHORITIES

Deeming Tobacco Products To Be Subject to the Federal Food, Drug,
   and Cosmetic Act, as Amended by the Family Smoking Prevention and
   Tobacco Control Act; Restrictions on the Sale and Distribution of Tobacco
   Products and Required Warning Statements for Tobacco Products,
   81 Fed. Reg. 28,974 (May 10, 2016) .......................................................4

Eunice Park-Lee et al.,
   Notes from the Field: *E-Cigarette Use Among Middle and High
   School Students – National Youth Tobacco Survey, United States,
   2021*, 70 MORBIDITY & MORTALITY WKLY. REP. 1387 (2021 ...........................13

Maria Cooper et al.,
   *Notes from the Field: E-Cigarette Use Among Middle and High
   School Students –United States, 2022*,
   71 MORBIDITY & MORTALITY WKLY. REP. 1283 (2022) .....................................14

OFFICE OF THE SURGEON GENERAL ("OSG"), U.S. DEP'T OF HEALTH &
   HUMAN SERVICES ("HHS"), PREVENTING TOBACCO USE AMONG
   YOUTH AND YOUNG ADULTS 508 (2012) ...............................................13

## RULES

Fed. R. App. P. 29(a)(4)(E) ......................................................................1

## REGULATIONS

21 C.F.R. § 314.430 ...................................................................... 11-12

21 C.F.R. § 1114.47 ........................................................................12

21 C.F.R. § 1114.47(d) ....................................................................12

v

**STATUTES**

Family Smoking Prevention and Tobacco Control Act
  (21 U.S.C. § 387j)......................................................................................4

**GLOSSARY**

FDA    Food and Drug Administration

MDO    Marketing Denial Order

TPL    Technical Project Lead Review

*Amicus* Campaign for Tobacco-Free Kids (Tobacco-Free Kids) submits this brief urging the Court to deny Petitioner's Motion to Seal to the extent that large portions of the redacted material and material Petitioner seeks to maintain under seal are not trade secret or confidential business information. Access to these unredacted and unsealed documents will make it possible for the public to be sufficiently informed about the basis for the U.S. Food and Drug Administration's (FDA's) action denying marketing authorization for Petitioner's menthol products and the issues raised by the pending Petition, as well as for Tobacco-Free Kids (and other interested medical, public health, civil rights, and community organizations) to file an *amicus* brief on the merits of the Petition filed by Logic Technology Development LLC (Logic).

## STATEMENT OF INTEREST OF *AMICUS CURIAE*[1]

*Amicus* Tobacco-Free Kids works with numerous other medical, public health, civil rights, and community groups to reduce the devastating health harms of tobacco products, including menthol, and other electronic nicotine delivery system (e-cigarette) products. Tobacco-Free Kids also has a special interest in this case because it was one of the plaintiffs in *American Academy of Pediatrics v. FDA*, in

---

[1]  Pursuant to Fed. R. App. P. 29(a)(4)(E), *amicus* affirm that no party's counsel authored this brief in whole or in part, neither the parties nor their counsel contributed money that was intended to fund preparing or submitting this brief, and no person—other than *amicus*, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief.

which plaintiffs obtained a federal court order (1) establishing new deadlines for the required submission of premarket tobacco product applications (PMTAs) for e-cigarette products, and (2) limiting the time-period that e-cigarettes may remain on the market without the required premarket orders. *Am. Academy of Pediatrics*, 399 F. Supp. 3d 479 (D. MD 2019), *appeal dismissed sub nom*, *In re Cigar Assoc. of America*, 812 Fed. Appx. 128 (4th Cir. 2020).

Tobacco-Free Kids (joined by other medical, public health, and parent groups) has filed *amicus* briefs in numerous other cases challenging FDA's decisions to deny marketing authorization to flavored e-cigarette products,[2] and thus is particularly well suited to inform the Court as to why the Motion to Seal is overly broad under the standards governing public access to judicial records and proceedings.

## INTRODUCTION

Tobacco-Free Kids moves to file this *amicus* brief regarding Logic's Motion to Seal, which if granted in its entirety, would make it impossible for the public to

---

[2] To date, by leave of court and/or consent of the parties, CTFK has joined *amicus curiae* briefs in the following MDO appeals: *Prohibition Juice Co. v. FDA*, No. 21-1201 (D.C Cir.) (consolidated with Nos. 21-1203, 21-1205, 21-1207); *Magellan Tech., Inc v. FDA*, No. 21-2426 (2d Cir.); *Liquid Labs, LLC v. FDA*, No. 21-2883 (3d Cir.); *Avail Vapor, LLC v. FDA*, No. 21-2077 (4th Cir.); *Wages & White Lion Invs., L.L.C. v. FDA*, No. 21-60766 (5th Cir.); *Breeze Smoke, LLC v. FDA*, No. 21-3902 (6th Cir.); *Gripum LLC v. FDA*, No. 21-2840 (7th Cir.); *7 Daze, LLC v. FDA*, No. 21-71319 (9th Cir.); *Lotus Vaping Techs., LLC v. FDA*, No. 21-71328 (9th Cir.); *MH Global LLC v. FDA*, No. 21-71327 (9th Cir.); *Nude Nicotine Inc. v. FDA*, No. 21-71321 (9th Cir.); *Bidi Vapor LLC v. FDA*, No. 21-13340 (11th Cir); *Diamond Vapor LLC et al. v. FDA*, Nos. 21-13387, 21-13438, 21-13454 (11th Cir.).

2

understand the basis for FDA's decision to deny marketing authorization for Petitioner's products and the issues raised by the pending Petition, as well as for Tobacco-Free Kids and other interested groups to meaningfully participate as *amici* on the merits in this case, which relates to one of the most significant public health crises of this generation.

Logic, which manufactures and sells several menthol flavored e-cigarette products, seeks to reverse FDA's final marketing denial order (MDO) regarding three of its products. Pet. for Review, ECF No. 1-1, at 2-3. Logic is one of more than one hundred companies that has received an MDO for its e-cigarettes and is one of the dozens of companies that has challenged FDA's decisions. In thirteen of those cases, Tobacco-Free Kids (along with other medical, public health, and parent groups) has filed *amicus* briefs explaining why FDA correctly issued the MDOs at issue.[3]

Here, like petitioners in the other cases, Logic is challenging FDA's regulatory decision-making. Here, as in other cases, Tobacco-Free Kids has an interest in ensuring that the Court upholds that decision. *Unlike petitioners in all of the thirteen other cases in which Tobacco-Free Kids has participated*, however, Logic attempted to seal virtually the entirety of documents related to the FDA

---

[3]  *Supra* note 2.

decision that Logic is challenging and also much of Logic's own arguments.[4] While Tobacco-Free Kids does not seek access to trade secrets or to confidential business information that is traditionally withheld in these circumstances, it cannot intelligently address Logic's arguments without having access to documents that describe exactly FDA's rationale for the MDOs, what Logic is challenging about FDA's decision, and what arguments it is making to this Court.

## BACKGROUND

Pursuant to the Family Smoking Prevention and Tobacco Control Act (21 U.S.C. § 387j) and FDA's regulations (81 Fed. Reg. 28,974) (May 10, 2016), Logic applied to the FDA for authorization to market various types of e-cigarettes. Pet'r's Motion to Stay at 4, ECF No. 17. After weighing the evidence, FDA issued an MDO, reflecting its determination that Logic had not met its burden of demonstrating that the marketing of its menthol products was appropriate for the protection of the public health. Ex. A to Petition for Review. Logic subsequently filed a petition for review and with respect to certain of its products also sought an emergency stay pending review. Petition for Review, ECF No. 1-1 and Pet'r's Emergency Mot. for Partial Administrative Stay, ECF No. 3. Subsequently Logic

---

[4]   *Supra* note 2. In *Fontem v. FDA*, No. 22-1076 (D.C. Cir.), petitioner redacted much of the same types of information as Logic seeks to redact. Tobacco-Free Kids (along with other medical, public health, and parent groups) filed a motion to unseal, which is still pending with the court. Medical, Public Health and Parent Groups Motion to Unseal, No. 22-1076 (Filed October 6, 2022 D.C. Cir.).

4

filed a Motion to Permanently Seal its Motion for Stay Pending Appeal with supporting declarations and a Motion to Stay Pending Appeal. Pet'r's Motion to Seal, ECF No. 7; Pet'r's Motion to Stay, ECF No. 17.

On November 7, 2022, this Court temporarily sealed the documents until the Court has an opportunity to rule on the Motion to Seal. It also provisionally ordered Petitioner to file public redacted versions of those filings, which "must redact as little information as the petitioner believes possible." Order, ECF No. 11 (November 7, 2022). The Court further provided that "[i]f the motion to seal is granted and the Court finds the public versions over-redacted, it may order new public versions with fewer redactions." *Id.*

Petitioner filed public redacted versions of those filings contrary to the direction of this Court because those filings are "over-redacted." In addition to this brief, Tobacco-Free Kids, along with other medical, public health, civil rights, and community groups, intends to file an *amicus* brief on Petitioner's Motion to Stay and an *amicus* brief on the merits in this case. While the groups have sufficient information to file this brief and an *amicus* brief opposing the motion to stay despite Logic's extensive redactions, to file a brief on the merits that will be of assistance to the Court, potential *amici* need to understand the rationale for FDA's decisions and why Logic believes FDA's decisions were incorrect, which will not be possible if much of this information remains redacted.

## ARGUMENT

As Logic acknowledges, because judicial transparency is essential to our democratic system of government, both the First Amendment and the common law protect the public's right of access to court proceedings and records. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-73, 580 n.17 (1980); *In Re: Avandia Marketing, Sales Practices and Products Liability Litigation,* 924 F.3d 662, 670 (3d Cir. 2019). Although most of the decisions in the Third Circuit have relied on the common law because reaching the First Amendment issues was not necessary,[5] there is a recognition that the First Amendment provides an independent and greater right of access. *In Re: Avandia*, 924 F.3d at 673; *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

Under common law, there is a presumption that the public has a right of access to judicial proceedings and records. *In re Avandia,* 924 F.3d at 672. As this Court has stated: "Once a document becomes a judicial record, a presumption of access attaches." *Id.* at 672 *citing In re Cendant Corp.*, 260 F.3d 183, 192-93 (3d Cir. 2001). The documents at issue here are all part of the judicial record.

---

[5]   *See e.g., Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 657 (3d Cir. 1991); *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates,* 800 F.2d 339, 344 (3d Cir. 1986); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1981).

Although the common law right of access may be rebutted, the party seeking to overcome the presumption bears the burden of showing "that the interest in secrecy outweighs the presumption." *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates,* 800 F.2d. at 344. Broad allegations of harm, such as those in Logic's brief, bereft of specific examples or articulated reasoning, are insufficient. *In re Cendant Corp.*, 260 F.3d at 194. Courts in the Third Circuit balance the strong common law presumption of access against the factors militating against access. *Bank of America Nat. Trust,* 800 F.2d at 344 *citing United States v. Criden*, 648 F.2d 814, 818 (3d Cir. 1981) (*Criden I*); *see also United States v. Criden*, 681 F.2d 919, 921 (3d Cir. 1982) (*Criden III*).

Despite the Court's order requiring Petitioner to file public redacted versions of its filings in support of its Motion for a Stay and to "redact as little information as the petitioner believes possible," while avoiding over-redaction, Petitioner continues to withhold information that does not qualify as trade secret or confidential business information. Petitioner would thus unjustifiably deprive the public, and prospective *amici* including Tobacco-Free Kids, who wish to file a brief on the merits, of key information necessary to understand the basis for FDA's denial of a marketing order for Petitioner's menthol products as well as the arguments advanced by Logic.

Tobacco-Free Kids does not object to all of Petitioner's proposed redactions, including, for example, information about the amounts invested in Petitioner's

PMTAs (Pet'r's Motion to Stay at 4, ECF No. 17), and sales and inventory figures (*Id.* at 9). However, in asking to keep under seal the entire Haynes Declaration and all of its Exhibits,[6] as well as other redacted material, Petitioner seeks to litigate the key issues in this appeal largely in secret, with the public and prospective *amici* kept in the dark as to the evidence offered by Petitioner in seeking to vacate the MDO, as well as FDA's response to that evidence.

First, Petitioner challenges the MDO largely on the basis of studies it conducted while withholding everything about the studies except its own interpretation of the results. For example, it cites "two randomized, parallel-group, open-label studies" which it claims demonstrate that "participants were more likely to use the menthol-flavored than tobacco-flavored products to reduce or quit smoking," but seeks to keep under seal the Exhibits that it relies upon in making that claim. Pet'r's Motion to Stay, at 5, ECF No. 17. Petitioner reports that it conducted "two randomized, cross-over pharmacokinetic studies and subjective-effects clinical studies that measured effects after each flavor use," that it claims show a "low abuse liability" of its products, yet it seeks to keep under seal the Exhibits that would allow an assessment of the validity of that claim. *Id.* at 5-6. It cites health data purporting to show that users of its products "reduced their

---

[6]  Letter from Misha Tseytlin to Office of the Clerk, ECF No. 20.

cigarette consumption," but redacts additional information that may establish whether the products actually had that effect. *Id.* at 7. In short, Petitioner makes confident assertions about what its studies show, but withholds the information allowing an assessment of the accuracy, and significance, of those assertions. At no point does Petitioner credibly explain how the data supporting its claims constitute confidential business information.

Second, Petitioner repeatedly seeks to keep under seal information concerning FDA's own interpretation of Petitioner's studies. *See, e.g.*, Pet'r's Motion to Stay at 7, ECF No. 17 ("FDA has acknowledged that Logic's studies showed that participants decreased their nicotine exposure and cigarette smoking during the studies, and that such decreases could facilitate smoking cessation", but Petitioner is withholding the Exhibit that it claims includes FDA's acknowledgement); *Id.* at 15 (citing "FDA's own findings which show Logic is not a preferred brand among youth . . . ." but withholding the Exhibit that it claims contains those findings). Petitioner offers no explanation of why FDA's interpretation of data should be considered Petitioner's confidential business information.

Third, Petitioner argues that FDA's MDO was arbitrary and capricious because it inconsistently and unjustifiably discounted the importance of its marketing plan in preventing youth usage of its products, *id.* at 18, yet it redacts the details of its marketing plan itself. Pet. Stay Motion at 8. The marketing plans of

other companies challenging MDOs have been made public and have been addressed in *amicus* briefs in other cases. For example, in *Liquid Labs LLC v. FDA,* in which this Court upheld FDA's MDO for certain flavored e-cigarette products, the Petitioner's marketing plans were disclosed, were cited in an *amicus* brief filed by Tobacco-Free Kids and other groups,[7] and were discussed in the Court's opinion.[8]

In seeking to seal the documents and information at issue, Logic argues that the documents contain "highly confidential, non-public, proprietary business information, the disclosure of which would harm its competitive standing." *See* Logic's Mot. To Seal at 2. As noted above, *amicus* does not take issue with Logic's redaction of trade secret information and confidential business information where Logic has demonstrated disclosure would cause harm to the company, but only those specific portions of the requested documents the movant can identify as containing such confidential business information should be sealed. Since *amici* do not have access to the information under seal, it is difficult to know which information under seal is actually trade secrets or confidential business information.

In arguing for the sealing of material critical to public understanding of the issues raised by this Petition, Logic asserts that its competitors, in preparing their

---

[7]   Brief of *Amici Curiae* Medical and Public Health Groups in Support of Respondent, *Liquid Labs LLC v. FDA*, No. 21 2883, ECF No. 32 (March 23, 2022).

[8]   *Liquid Labs LLC v. FDA*, -- F.4th --, 2022 WL 15090594, Slip Op at 22-23 (3d Cir. Oct. 27, 2022).

own PMTAs for various products, will benefit from access to the Logic PMTAs. Motion to Seal at 7-8. Logic never explains why a competitor would benefit from the portion of Logic's PMTAs that are relevant here, *i.e.*, those pertaining to Logic's *unsuccessful* effort to persuade FDA to grant it marketing authorization for its menthol products. Instead, Logic cites the irrelevant fact that FDA granted marketing authorization for its tobacco-flavored products. Motion to Seal at 7.[9]

The fact that the sealed and redacted information has been made publicly available in prior cases in which Tobacco-Free Kids submitted *amicus* briefs makes it highly unlikely that all or even most of the extensive redactions constitute trade secrets or confidential business information and places a heavy burden on Logic to demonstrate that confidentiality is appropriate in this case.[10] For example, it appears

---

[9]  Logic cites cases generally making the uncontroversial point that the presumption of public access to court records can, in some circumstances, be overcome by a showing that disclosure of business information might harm a litigant's competitive standing. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978); *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 662 (3d Cir. 1991); *Mylan, Inc. v. Smithkline Beecham Corp.*, 723 F.3d 413, 415, n.3 (3d Cir. 2013). Those cases also recognize the importance of public access to court records to serve "the citizen's desire to keep a watchful eye on the workings of public agencies" (*Nixon,* 435 U.S. at 598) and as "a valuable source of information in civil cases that have a 'public' character. *Republic of Philippines,* 949 F.2d at 664. The D.C. Circuit case that Logic cites, *Judicial Watch, Inc. v. FDA*, 449 F.3d 141 (D.C. Cir. 2006), is a Freedom of Information Act case, which does not involve the presumption favoring access to court records.

[10]  *Supra* note 2. FDA has historically kept information related to the products it regulates from disclosure while the product is under review in large part because it considers the existence of a product application confidential. *See e.g.,* 21 C.F.R.

that Logic is seeking to keep under seal FDA's Technical Project Lead Review (TPL) of its menthol products, which would provide a more detailed explication of FDA's findings than the MDO. Yet in *Liquid Labs* the TPL was disclosed and referred to extensively in this Court's opinion upholding the MDO in that case. *Liquid Labs,* 2022 WL 15090594, slip op at 2-3.

Logic fails to meet its burden of overcoming the common law right to public access so analysis under the First Amendment is not required. But if it were, the independent First Amendment right of access requires an even higher showing to warrant sealing documents that are part of a judicial proceeding. *In re Avandia*, 924 F.3d at 673. The party seeking to seal must demonstrate "an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id., citing In re Cendant Corp.*, 260 F.3d at 198 n.13. The party seeking to seal "bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the [sealing] order to issue." *In re Avandia*, 924 F.3d at 673 *citing Publicker Industries, Inc. v.* Cohen, 733 F.2d at 1071.

---

§§ 314.430, 1114.47. Once the application has been approved or denied, any interest in keeping the application confidential disappears. Thus, FDA's tobacco regulations specifically state that FDA may disclose the basis for the MDOs it has issued. 21 C.F.R. § 1114.47(d).

Except with respect to information that is trade secret or confidential business information, Logic cannot overcome the presumption of access. *Publicker Indust.*, 733 F.2d at 1073. This is especially true given the public health significance of FDA's decision. E-cigarettes have been the most commonly used tobacco products among youth since 2014,[11] and as the D.C. Court recently found in upholding several e-cigarette MDOs, "[t]he public health consequences are dire: Tobacco is quickly and powerfully addicting, and e-cigarettes can permanently damage developing adolescent brains, cause chronic lung diseases, and hook young users for life." *Prohibition Juice Co. v. FDA*, 45 F.4th 8, 10 (D.C. Cir. 2022). As noted, this Circuit has upheld, on the merits, a marketing denial order for flavored e-cigarettes. *Liquid Labs LLC v. FDA*, -- F.4th --, 2022 WL 15090594.

Flavors, including menthol in the three products at issue here, are particularly appealing to young people.[12] Pet'r's Emergency Mot. for Partial Administrative Stay, Ex. 1 ("MDO") at 4, ECF No. 3 (Oct. 27, 2022). In 2022, almost 85% of youth e-cigarette users used a flavored product, and among them, 26.6% used a menthol

---

[11] Eunice Park-Lee et al., Notes from the Field: *E-Cigarette Use Among Middle and High School Students – National Youth Tobacco Survey, United States, 2021*, 70 MORBIDITY & MORTALITY WKLY. REP. 1387, 1387 (2021), https://www.cdc.gov/mmwr/volumes/70/wr/pdfs/mm7039a4-H.pdf.

[12] OFFICE OF THE SURGEON GENERAL ("OSG"), U.S. DEP'T OF HEALTH & HUMAN SERVICES ("HHS"), PREVENTING TOBACCO USE AMONG YOUTH AND YOUNG ADULTS 508, 535-539 (2012), https://www.ncbi.nlm.nih.gov/books/NBK99237/pdf/Bookshelf_NBK99237.pdf.

product.[13] Among youth users of flavored e-cigarette cartridges, like Petitioner's products, over half (53.9%) reported using a menthol product in 2022.[14]

Despite the public health impact of Petitioner's products, because Petitioner seeks to file substantial portions of its pleading and supporting documents under seal, FDA's rationale for denying authorization is unavailable to the public, as is the basis for Petitioner's attack on the MDO. Given the enormous public health impact of Petitioner's e-cigarettes, FDA's decision-making is undoubtedly of major public importance. The agency's rationale is also critical for Tobacco-Free Kids and other interested medical, public health, and community organizations to be able to understand the full risks of Petitioner's products and to provide the Court with their perspectives on the relevant public health issues through the filing of an *amicus* brief, as Tobacco-Free Kids and these other groups have done in thirteen other MDO appeals.[15]

---

[13]   Maria Cooper et al., *Notes from the Field: E-Cigarette Use Among Middle and High School Students –United States, 2022*, 71 MORBIDITY & MORTALITY WKLY. REP. 1283, 1283 (2022), https://www.cdc.gov/mmwr/volumes/71/wr/pdfs/mm7140a3-H.pdf.

[14]   *Id.*

[15]   *See supra* note 2.

## CONCLUSION

The Court should deny the motion to seal the record except for the specific portions that are trade secret or confidential business information, and that Logic has demonstrated will cause it harm if disclosed.

Respectfully submitted,

*/s/ William B. Schultz*
William B. Schultz
Margaret M. Dotzel
Andrew M. Goldfarb
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-5807
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: wschultz@zuckerman.com
Email: mdotzel@zuckerman.com
Email: agoldfarb@zuckerman.com

Dennis A. Henigan (Of Counsel)
Connor Fuchs (Of Counsel)
CAMPAIGN FOR TOBACCO-FREE KIDS
1400 I Street, NW, Suite 1200
Washington, DC 20005
Tel: (202) 481-9366
Fax: (202) 296-5427
Email: dhenigan@tobaccofreekids.org
Email: cfuchs@tobaccofreekids.org

*Attorneys for Amici*

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local R. 28.3(d) and Local R. 46.1(e), I certify that I, William B. Schultz, am admitted as an attorney and counselor of the United States Court of Appeals for the Third Circuit.

Dated: November 14, 2022

*/s/ William B. Schultz*
William B. Schultz

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rules of Appellate Procedure 29(a)(5) and 32(a)(7)(B) and the rules of this Court, because it contains 3,565 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rule Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman font.

*/s/ William B. Schultz*
William B. Schultz

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, a true and correct copy of the foregoing Brief of Campaign for Tobacco-Free Kids as *Amicus Curiae* Opposing Petitioner's Motion to Seal was filed electronically with the Clerk of the U.S. Court of Appeals for the Third Circuit and served on counsel via the CM/ECF system.

*/s/ William B. Schultz*
William B. Schultz